PEDRO BERMÚDEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1288.    Submitted October 1, 1952.—Decided December 4, 1952.

142

*José Sabater* for appellant.   The Registrar appeared by brief.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the former District Court of Puerto Rico, Mayagüez Section, Pedro Bermúdez, married to Elvira Torruellas, filed a petition for cancellation of a contradictory entry in the registry and for the registration of title in his favor.  He filed his action against a group of defendants who had a recorded title on four properties (two of them as to joint ownership) located in the municipality of Mayagüez, and all of defendants were notified, some personally and others by edicts.   None of them appeared and, after considering plaintiff's evidence, the Mayagüez Court rendered judgment by default, stating that plaintiff was, and is, the owner and that as such, he was in the material possession of the property described in the complaint and it ordered the Registrar of Property to cancel the

registration of the titles appearing in the Registry in favor of defendants and to record the property in favor of plaintiff.

The corresponding order addressed to the Registrar of Mayagüez was issued and the latter entered the following note:

"The cancellation is entered by marginal note of property 1064,[4] at folio 224 over, volume 185 of this city, and as to the registration of the contradictory dominion title in question, record of the foregoing judgment is hereby DENIED, after having examined other documents, as to the properties under letter (c) and (d) which it includes, inasmuch as it does not appear from the text of the order or judgment that the formalities of § 395 of the Mortgage Law have been fulfilled, among them the following: (1) It does not appear that the immediate former owner was summoned; (2) It does not appear that the District Attorney of Mayagüez was notified of the proceeding; (3) No edicts were published for the term of 60 days to notify unknown persons who might be aggrieved by the registration sought; (4) The value of the properties was not stated; (5) The liens or encumbrances on the property were not stated; and as to the property under letter (d), furthermore, because the chain of titles for the minimum term of 10 years is not stated; those entries being recorded with the curable defect of having failed to state the civil status of plaintiff Pedro Bermúdez when he acquired the property, all of it at folios 143 and 152, volume 377 of this city, properties 11,299 and 11,300, entries A. and A. Mayagüez, May 29, 1952."

Plaintiff Pedro Bermúdez has taken to this Court an administrative appeal contesting the aforesaid note.

As admitted by the respondent Registrar in his extensive brief, the judgment is valid as to the cancellation of defendants' titles, inasmuch as, should there exist any contradictory entry in the Registry, the ordinary or plenary action of cancellation of recorded titles is a necessary and more adequate proceeding than a dominion title proceeding, the former being preferable because the ordinary action offers better security to those having titles recorded in their

favor. 5 Morell, *Legislación Hipotecaria*, 571, 574, 575, 2d ed.; Barrachina, *Derecho Hipotecario*, Vol. 1, p. 174, Vol. 4, p. 322; Roca Sastre, *Derecho Hipotecario*, Vol. 3, p. 681. Precisely, a dominion title order is not recordable when there is a prior conflicting record in favor of a person who although summoned, has not consented to the cancellation nor been defeated in court, in an ordinary action to that effect. *Benítez* v. *Registrar*, 71 P.R.R. 526; *Rodríguez* v. *Registrar*, 65 P.R.R. 614.

However, what the Registrar alleges is that, although he is bound to obey that part of the judgment which orders him to cancel the entries of defendants' titles, he is not bound to obey the other part ordering him to record the title in favor of plaintiff, inasmuch as the latter did not observe or comply with the formalities of § 395 of the Mortgage Law, which refers to the dominion title proceeding, such as the service of the proceeding or of the suit on the former owners and the prosecuting attorney and the publication of edicts for the term of 60 days. Briefly, the theory of the Registrar is to the effect that a declaratory judgment which seeks that the plaintiff be declared by the court the owner of a property, is not recordable, as title, if the formalities which should be observed in a dominion title proceeding have not been complied with. We do not agree.

It falls within the functions of a Registrar in connection with a judgment, to determine, not only the jurisdictional question, but also whether the judgment is authorized by the law, without the Registrar having authority to pass upon the intrinsic grounds of the judgment nor substitute his judgment for that of the District Court as to the findings of fact of the latter. *Cf. Rosado* v. *Registrar*, 71 P.R.R. 516, 520. Said function was carried out incorrectly in the case at bar.

In the first place, the declarative aspect of the judgment, insofar as it refers to the determination that plaintiff was the owner of the properties, can not be separated or divorced

from that part of the judgment which ordered the cancellation of the entries of defendants' titles. Plaintiff judicially showed that his titles were better than defendants'. The nullity of the entries in favor of defendants was predicated on the better titles of plaintiff. Both questions complement each other, and one is the result of the other. Inasmuch as the cancellation of the entries in favor of defendants lies, the cause of the cancellation is likewise recordable, that is, the titles in favor of plaintiff. The same guarantees offered by the plenary judgment as to the cancellation must also apply as regards the declaration of plaintiff's rights.

■ In the second place, and still considering the declaratory aspect of the judgment in an isolated fashion and separate from the cancellation of the entries in favor of defendants, plaintiff was authorized to file a dominion title proceeding in his favor, which, in turn, would result in a valid and legal declaratory judgment. The ruling of the Supreme Court of Spain in its judgments of November 26, 1946 and February 21, 1941, is applicable insofar as it states that "the protection of the right of ownership unfolds and is manifested by way of two different actions which are intertwined and frequently mistaken in our law, to wit: the classical and revendicatory action itself, which serves as a means to protect the ownership against possession or holding at sufferance and the mere action of declaration or establishment of ownership which does not require that the defendant be the possessor, its only purpose being that the plaintiff be declared owner of the thing." (See, also, the Judgment of April 25, 1949.)

■ The formalities to which the Registrar referred (notice to the former owner, to the prosecuting attorney, publication by edicts for 60 days and others) must be observed when procuring a dominion title proceeding under § 395 of the Mortgage Law, but are not required by law for an or-

dinary action. The existence of the dominion title proceeding is not exclusive and does not preclude the filing of ordinary actions, especially when the same are also intended to obtain the cancellation of contradictory records, for as we have seen, in this last case the dominion title proceeding is not adequate. The view of the Registrar would imply the necessity of a duplicity of actions.

As a matter of fact, the requirements of the law as to the dominion title proceeding, obey, in part, the purpose of establishing adequate security to insure that petitioner be actually the owner of the property. In the case at bar it appears from the judgment and complaint that the former owner as regards two of the four properties involved in this suit was one of the defendants, and was duly summoned. Furthermore, all the deeds pertaining to the acquisition of the four properties and executed before a notary, were introduced in evidence, which fact tends to show the authenticity of the acquisition by plaintiff. Besides, the judgment is not res judicata as to those who were not parties in the proceeding, including the Commonwealth of Puerto Rico, and if the rights of those who are not parties to the action, have been injured by the judgment, they would still have the opportunity to subsequently contest the same. *Rivera* v. *Registrar, ante,* p 119.

The judgment rendered herein in regard to the pronouncement that plaintiff is the owner of the properties constitutes a recordable declarative title (§ § 2 and 3 of the Mortgage Law; Morell y Terry, *Comentarios a la Legislación Hipotecaria,* Vol. 1, p. 423, 2d ed.; *Roca Sastre, Derecho Hipotecario,* Vol. 2, p. 146 *et seq.,* p. 158). In the case of *Rivera* v. *Registrar, supra,* this Court held that title over a property recovered in an action of revendication brought by some heirs who established their status as such in said action, obtaining judgment in their favor, is recordable in their name

without it being necessary for said heirs to resort to the special proceeding of declaration of heirship. The following is stated in the opinion:

"To refuse to record the property in the name of appellants because respondent believes that they should present the declaration of heirship pursuant to the Law of Special Legal Proceedings in order to prove the same status recognized to them by the judgment and without which they could not have obtained said judgment in the revendication suit, is to deny validity and effect to such recognition for the purposes of said action."

From a relation of the statutory history of the dominion title proceedings in Spain set forth in Roca Sastre, *op. cit.*, Vol. 3, pp. 667–669, it appears that notwithstanding the existence of the dominion title proceeding, the ordinary declarative judgment may be resorted to for the purpose of declaring the ownership of a property in favor of plaintiff.

The registration of the title in favor of plaintiff, therefore, lies herein. However, the Registrar acted correctly in entering the curable defect of failure to state in the judgment and in the documents attached thereto, the civil status of plaintiff when he acquired the property. It transpires that he was married when he brought the action, but that is insufficient, inasmuch as his civil status at the time of acquisition must be shown. *Mangual* v. *Registrar*, 27 P.R.R. 843; *Rivera* v. *Registrar*, 26 P.R.R. 565.

The Registrar's note insofar as it refuses to record the title on the properties in question in favor of plaintiff is set aside, and affirmed insofar as it enters a curable defect in connection with the civil status of plaintiff when he acquired said property.